H. A. BOORD, PLAINTIFF IN ERROR, VS. JOSEPH STRAUSS, JOSEPH FERST AND AARON FERST, PARTNERS DOING BUSINESS AS M. FERST'S SONS & Co., DEFENDANTS IN ERROR.

1. The authority of an agent with power to execute negotiable instruments is confined to the making of such paper in the legitimate business of the principal or for his benefit, and does not extend to the making of a note in his principal's name for the benefit of, or as security for, a third person.

2. The authority of an agent to execute negotiable instruments in the name of his principal will be held to be conferred only in those cases where it is expressly given, or where it is a necessary incident of the character bestowed upon the agent.

3. An agent having the general control and supervision over all the

principal's lands, including the power to prevent trespasses, and to collect and compound damages for trespasses or waste committed thereon, and to sell and convey the same. to ask, demand. sue for, collect, receive and give acquittances for debts, including mortgages and rents due the principal, to institute, prosecute, appeal, defend discontinue or nonsuit all legal and equitable proceedings for or against his principal in respect of any goods, chattels, debts, demands or things whatsoever, and to employ counsel to assist the agent in these matters, is not thereby expressly or impliedly authorized to execute in the name of his principal a note to secure the debt of a third person.

Writ of Error to the Circuit Court for Orange county.

### STATEMENT.

Defendants in error, plaintiffs below, brought an action of assumpsit against R. Curry and plaintiffs in error, defendants below, the declaration filed in the Circuit Court of Orange county on January 2, 1893, containing the usual common counts, and in addition a special count, "for that on April 27, 1892, the said defendants, by their promissory note now over due, promised to pay to the order of the plaintiffs, three months after date, the sum of two hundred dollars, but did not pay the same, though requested to do so." The instrument referred to filed as the cause of action with the declaration, was dated April 27, 1892, for the principal sum of $200, due three months after date and signed: "R. Curry, H. A. Boord by J. G. Welsby attorney in facts."

To this declaration plaintiff in error pleaded separately that "he never made or signed the promissory note referred to in this action as and in the manner therein alleged; and that he never authorized or em-

powered any person or persons whomsoever to make or sign the said promissory note for him, or on his behalf.'' Issue was joined on this plea March 30, 1893, and at the Spring term, 1893, the case was tried, resulting in a verdict for plaintiff by direction of the court. The only evidence before the jury was the testimony of J. G. Welsby; the cause of action under the special count, and the power of attorney identified by Welsby. Welsby testified that the signature to the note, ''H. A. Boord, by J. G. Welsby, attorney in fact,'' was made by him; that he executed the paper as attorney in fact for Boord; that the note was given by witness in that manner as a guaranty for an amount due by Curry to Ferst & Co.; that Ferst's agent, Ben Harn, was pressing Curry for payment of a debt of $270 due by him to Ferst; that witness had taken possession of Curry's goods for Boord under a bill of sale; that Harn threatened to take legal proceedings to collect the debt, and Curry told Harn if he would reduce the debt to $200, and give him time, he would pay it; Harn saw witness' power of attorney, and said if witness would sign as attorney for Boord he would take a note; that witness, acting under the power of attorney and from a desire to protect the goods in his hands from legal proceedings, signed the paper sued upon. The power of attorney referred to was in this language: ''Know all men by these presents that I, Henry A. Boord, late of the county of Orange, State of Florida, but now residing in the city of New Orleans, State of Louisiana, have made, constituted and appointed, and by these presents do make, constitute and appoint Johnson G. Welsby, of Orlando, county of Orange, State of Florida, my true and lawful attorney, for me and in my name, place and stead, to ask, demand, sue for, col-

lect, receive and give acquittances for all sums of
money, debts and demands whatsoever due and owing,
or which may hereafter become due and owing to me
by any person or persons residing within the State of
Florida, and also to receive all or any sum or sums of
money which now are or hereafter may be secured to
me by mortgage within the said State of Florida, and
to satisfy said mortgages of record, and also to receive
and give valid receipts and discharges for the interest
on such mortgages, or any part thereof, also to ask,
demand, distrain for, collect and receive all such rents
and arrears of rent as now are or hereafter may be due
or owing to me from any person or persons, tenant or
tenants of any lands, tenements or hereditaments be-
longing to or claimed by me in the State of Florida,
and upon receipt thereof to give proper acquittances
and discharges therefor. Also to exercise the general
control and supervision over all my lands, tenements
and hereditaments in the State of Florida, to prevent
by all lawful means the commission of any trespass,
or waste, or any other injury thereon. And at my ex-
pense and under the advice of such counsel as my said
attorney may employ, to sue for protection against
any such injury, and to collect, recover and receive,
and compound for any damages which may accrue by
means of the commission of any trespass or waste
upon the said lands, tenements and hereditaments, or
any part thereof, by any person whomsoever. To
grant, bargain and sell all or any part of my real
estate situate in the State of Florida afore-
said, or any part thereof, for such price and
on such terms as to him shall seem meet, and for
me and in my name, to make and enter into contracts
for the sale of said real estate, and make and execute

and deliver good and sufficient deeds and conveyances for the same, either with or without covenant and warranty. And also for me, and in my name, to take and institute foreclosure or ejectment suits, or other judicial proceedings, and to commence, prosecute and defend, or appeal to any suits, actions, or other legal or equitable proceedings for or in respect of any goods, chattels, debts, dues, demands, matter, cause or things whatsoever in any court of law or equity in the State of Florida, and the same to prosecute and follow, or discontinue, or become non-suit thereto, if · he shall see fit, and for such purposes to employ counsel at my expense, both for prosecuting and defending any such actions or suits, as aforesaid, hereby giving my said attorney full power to do everything whatsoever requisite and necessary to be done in the premises, as fully as I could do, if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney shall lawfully do, or cause to be done in the premises, by virtue hereof. In witness whereof, I have hereunto set my hand and seal, this 9th day of October, one thousand eight hundred and ninety-one.

(Signed) HENRY A. BOORD, Seal.

Signed, sealed and delivered in presence of
HENRY J. CARTER, EDWARD M. FULLER."

The court upon this testimony instructed the jury to find for the plaintiffs. Boord moved for a new trial, among other grounds because the verdict was contrary to the law and the evidence; and because the court erred in instructing the jury to find for the plaintiffs. The motion was overruled, judgment en-

tered against the defendants, "and each of them," for the amount found by the jury, and Boord sued out a writ of error to this court, and here renews by assignments of error the grounds of his motion for a new trial.

The other facts in the case are stated in the opinion of the court.

*L. D. Browne*, for Plaintiffs in Error.

No appearance for Defendants in Error.

CARTER, J.:

The court below erred in directing a verdict for plaintiffs, and in refusing the motion for a new trial, as there was no view of the evidence upon which plaintiffs were entitled to recover. The power of attorney gave Welsby no authority to execute a negotiable instrument, binding his principal for the payment of another person's debt. There was no express authority given by the power of attorney to execute negotiable instruments; and even if there was, it would be confined to the making of such paper in the legitimate business of the principal or for his benefit, and the agent could not bind his principal by making a note for the benefit of a third person. Mechem on Agency, sec. 392. The authority of Welsby was entirely in writing, and this writing was exhibited to plaintiffs' agent before the note was executed, hence he was chargeable with notice of the extent of Welsby's agency. American Lead Pencil Co. vs. Wolfe, 30 Fla. 360, 11 South. Rep. 488. No implied authority to execute the note to secure Curry's debt can be deduced from any of the matters delegated to Welsby as agent

by the power of attorney, *viz:* to ask, demand, sue for, collect, receive and give acquittances for debts, including mortgages and rents due the principal, (Daniel on Negotiable Instruments, secs. 292–3; Mechem on Agency, sec. 391); general control and supervision over all the principal's lands, including the right to prevent trespasses thereon, and to collect and compound damages for trespasses or waste committed thereon, and to sell and convey the lands (Mechem on Agency, sec 398); to institute, prosecute, appeal or defend, discontinue or nonsuit, all legal and equitable proceedings for or against the principal in respect of any goods, chattels, debts, demands or things whatsoever and to employ counsel to assist the agent in these matters.    Daniel on Negotiable Instruments, sec. 293; Mechem on Agency, sec. 391.    The authority to execute negotiable instruments will be held to be conferred only in those cases where it is expressly given, or where it is a necessary incident of the character bestowed upon the agent.    Mechem on Agency, sec. 390; Daniel on Negotiable Instruments, sec. 292.

The judgment is reversed and a new trial granted.